# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DONALD HUBERT STRICKLAND, JR., | : |
| Plaintiff, | : |
| v. | : No. 5:09-CV-404 (CAR) |
| MICHAEL J. ASTRUE, **Commissioner of Social Security,** | : |
| Defendant. | : |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiff Donald Hubert Strickland's Motion for Attorney's Fees under the Equal Access to Justice Act. [Doc. 18]. Defendant filed a Response opposing Plaintiff's request. [Doc. 19]. Having duly considered the matter, the Court **GRANTS** Plaintiff's motion for attorney's fees and awards attorney's fees in the amount set forth below.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In this case, Defendant concedes that Plaintiff was a prevailing party, that the government's position was not substantially justified, and that no special circumstances make an award unjust. Thus, no dispute exists over whether an award of attorney's fees are justified. The parties do, however, dispute the appropriate amount of the award in this case.

Plaintiff requests $6,217.22 in fees, based on 35.45 attorney hours at a rate of $175.38 per hour. Plaintiff supports his request with affidavits from the attorneys who worked on this case, detailing their time spent on the case and their evidence as to the appropriate hourly fee. Defendant challenges Plaintiff's requested hourly fee, arguing that Plaintiff has not adequately substantiated his request.

The EAJA offers guidance on setting an appropriate hourly rate. It states that

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Id. § 2412(d)(2)(A). The statute sets forth a two-step analysis for determining the appropriate hourly rate. "The first step in the analysis . . . is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988)). If that market rate is greater than the statutory cap, the court must then determine whether the statutory cap should be adjusted upward to take into account an increase in the cost of living or a special factor. Id. at 1033-34. If the market rate is greater than the statutory cap, then "applying the cost-of-living adjustment under the EAJA is next to automatic." Id. at 1035 n.9.

Plaintiff contends that the market rate is in excess of $225 per hour. In calculating fee awards, "the applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Such evidence "necessarily must speak to rates actually billed and paid in similar lawsuits." Id. "Testimony that a given fee is reasonable is therefore unsatisfactory

evidence of market rate." Id.

To establish the market rate, Plaintiff provides affidavits from two attorneys who worked on his case – Joel Grist and Charles Martin. Joel Grist states that he has represented Social Security disability claimants since 1995 in both administrative and judicial proceedings. Nearly all of his work is on a contingent basis, but his hourly rate on non-contingent work is $200 per hour. He also opines, based on his familiarity with both the Georgia legal market and practice before the Social Security Administration, that lawyers with his experience regularly bill $225 per hour or more and that the market rate for attorney services for work before the Social Security Administration is also in excess of $225 per hour. Charles Martin states that he has represented Social Security disability claimants since 1977 in both administrative and judicial proceedings. He focuses primarily on Social Security law and normally works on a contingent fee basis. When he works on a non-contingent basis in the area of Social Security law, he bills at a rate of $375 per hour. He also believes, based on his familiarity with practice before the Social Security Administration, that the market rate for such work is in excess of $225 per hour, and he states that the Social Security Administration has authorized him to charge fees exceeding $200 per hour.

Plaintiff, however, produces no evidence beyond his attorneys' affidavits. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman, 863 F.2d at 1299. Thus, standing alone, these affidavits are insufficient to establish the relevant market rate. In determining a reasonable fee, however, the court may consider its own knowledge and experience and form an independent judgment. Id. at 1304. In this case, based on its knowledge of the relevant local market, the Court finds that the market rate for similar work performed by similarly experienced attorneys is $150 per hour.

Because the market rate is above the statutory cap of $125 per hour, the Court must next

consider whether to apply the cost of living adjustment. As noted above, applying the EAJA cost of living adjustment is nearly automatic when the market rate exceeds the statutory cap. The Court finds that the cost of living adjustment is appropriate in this case. Plaintiff provides evidence showing that the CPI in March 1996, when the statutory cap was set at $125, was 155.7 and that the CPI in September 2010, when the work was performed, was 218.44. Applying those figures to the statutory cap of $125 yields a cost of living adjusted cap of $175.38. The relevant market rate of $150 per hour falls below the adjusted statutory cap; therefore, the Court will grant the full relevant market rate in this case.

Based on an hourly rate of $150.00 and a total time of 35.45 attorney hours, a figure Defendant has not challenged, the fee in this case is $5,317.50. Plaintiff's Motion for Attorney's Fees is **GRANTED** and **IT IS ORDERED** that Plaintiff be compensated in the amount of $5,317.50 for his attorney's fees.

SO ORDERED this 17th day of February, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw